# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| TIERANCE D. SAMPLES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 5:06-cv-142 (HL) |
| | : | |
| Officer ROBERTSON, | : | |
| Sheriff MODENA, | : | |
| BIBB CO. SHERIFF'S DEPT., | : | |
| and BIBB CO. COMMISSION, | : | |
| | : | |
| Defendants. | : | |

## ORDER

The Report and Recommendation of United States Magistrate Judge Claude W. Hicks Jr., entered June 12, 2006 [doc. 6], in the above-captioned case is before the Court. Plaintiff filed written objections to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1). The Court has given de novo consideration to those portions of the Recommendation to which objection is made. After consideration, the Court accepts the Recommendation with the following modification.

In the Recommendation, the Magistrate Judge suggests that under the authority of Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003), no liability can attach to a county for the acts of a sheriff or his deputies. In this Court's view, the decision in Manders left open the possibility that in some circumstances a county may be liable for conduct of the sheriff or his deputies as it relates to the county jail, for example where the allegations against the county

involve denial of medical care and other basic necessities inside the jail. However, Plaintiff has not raised such allegations here. Moreover, as the Magistrate Judge noted, Plaintiff's complaint fails to allege any causal link between the allegations raised in his complaint and a custom or policy of the Bibb County Commission that would subject them to liability.

Therefore, the Court accepts the Recommendation except as noted in the foregoing. The Bibb County Sheriff's Department, the Bibb County Commission, and Sheriff Jerry Modena are hereby dismissed.

**SO ORDERED**, this the 10th day of January, 2007.

s/ Hugh Lawson
**HUGH LAWSON, JUDGE**

mls