IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TIERANCE D. SAMPLES,<br><br>Plaintiff<br><br>VS.<br><br>OFFICER ROBINSON,<br><br>Defendant | NO. 5: 06-CV-142 (HL)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION OF DISMISSAL

The above-captioned Section 1983 proceeding has been pending in this court since May of 2006, some two years. A review of the docket herein reveals that plaintiff TIERANCE D. SAMPLES' last contact with the court was on June 26, **2006**, when he made inquiry concerning his filing fee. Tab #9. Since that date, plaintiff has filed nothing with the court.

On January 8, 2007, correspondence sent by the Clerk to plaintiff at the last address provided by him, to-wit, the Bibb County Law Enforcement Center, was returned with the notation "Not in Jail Return to Sender." Tab #10. Thereafter, on January 19, 2007, correspondence containing a copy of the court's January 10th Order adopting the undersigned's Recommendation sent to plaintiff at the same address was also returned with the notation "Not in Jail Return to Sender." Tab #12.

The court's order permitting this matter to proceed filed June 12, 2006, provides *inter alia*:

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a plaintiff is required to diligently prosecute his lawsuit. If he fails to do so, the court may dismiss his case on that basis. Pro se litigants are not exempted from this requirement of law. *See **Collins v. Pitchess***, 641 F.2d 740, 742 (9th Cir.1981). In ***Link v. Wabash R.R.***, 370 U.S. 626, 629-30 (1962), the Supreme Court recognized the inherent power and authority in the court to dismiss cases in which the plaintiff has failed to fulfill his duty to diligently prosecute his action, stating:

> *The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of a failure to prosecute cannot be seriously doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.*[1]

Plaintiff has taken no steps whatever to prosecute his case in almost two years since submitting his complaint for filing, despite being specifically advised by the court that he had a duty to "<u>diligently</u> prosecute his lawsuit."  He has had more than adequate time to pursue his claim(s) against the defendants but has failed to do so. Therefore, the undersigned finds his failure to prosecute to be <u>willfull</u> as is his failure to keep the court advised of his current address.  Under such circumstances, it is appropriate to dismiss his case under Rule 41(b). **IT IS SO RECOMMENDED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.  Having no other address to which to send this Recommendation, the Clerk is directed to serve plaintiff with a copy of this **RECOMMENDATION** by mailing said copy to the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 9th day of MAY, 2008.[2]



                                                  CLAUDE W. HICKS, JR.
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1]This authority has also been expressly recognized in this circuit for many years.  **See Ramsay v. Bailey**, 531 F.2d 706, 707 (5th Cir.1976).  **See also Bonner v. City of Prichard**, 661 F.2d 1206, 1209 (11th Cir.1981) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

[2]The undersigned also notes that proper service has never been made upon defendant Officer Robinson, apparently because plaintiff erroneously denominated him as Officer Robertson.  See Tab #13.